# Exhibit A

ELECTRONICALLY FILED
12/18/2023 11:20 AM
SAN LUIS OBISPO SUPERIOR COURT
BY Carol L. McGuirk, Deputy Clerk

**COHELAN KHOURY & SINGER**
Timothy D. Cohelan (SBN 60827)
tcohelan@ckslaw.com
Isam C. Khoury (SBN 58759)
ikhoury@ckslaw.com
605 C Street, Suite 200
San Diego, CA 92101
Telephone: (619) 595-3001/Facsimile: (619) 595-3000

**KEEGAN & BAKER, LLP**
Patrick N. Keegan (SBN 167698)
pkeegan@keeganbaker.com
2292 Faraday Avenue, Suite 100
Carlsbad, CA 92008
Telephone: (760) 929-9303/Facsimile: (760) 929-9260

Attorneys for Plaintiff DYLAN GARCIA

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN LUIS OBISPO**

DYLAN GARCIA, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

DOLLAR TREE, INC.; ZEROED-IN TECHNOLOGIES, LLC; and DOE DEFENDANTS 1-100;

Defendants.

Case No.: 23CV-0740

**CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF FOR VIOLATIONS OF:**

**(1) BREACH OF IMPLIED CONTRACT;**
**(2) BREACH OF CALIFORNIA CONSUMER PRIVACY ACT, CIVIL CODE § 1798.150;**
**(3) BREACH OF SECURITY NOTIFICATION LAW, CIVIL CODE § 1798.82; AND**
**(4) BUSINESS AND PROFESSIONS CODE §§ 17200, *ET SEQ*.**

**JURY TRIAL DEMANDED**

**Ex. A**
p. 11

Plaintiff DYLAN GARCIA (or "Plaintiff"), by and through his attorneys, bring this class action on behalf of himself individually and all others similarly situated, against Defendants DOLLAR TREE, INC., ZEROED-IN TECHNOLOGIES, LLC and DOE DEFENDANTS 1-100 (collectively referred to as "Defendants"), and alleges upon information and belief as follows:

## INTRODUCTION

1. This class action arises from the negligent failure of Defendants to properly create, maintain, preserve, and/or store confidential, personal information of Plaintiff and all other persons similarly situated which allowed an unauthorized person to gain access to the computer network or data "systems" of Defendants on August 7-8, 2023, causing unauthorized access, and exfiltration, theft, and disclosure of unencrypted personal information of Plaintiff and other persons similarly situated, to at least one unauthorized person resulting in violations of the California Consumer Privacy Act ("CCPA"), Civil Code § 1798.150, and the Business and Professions Code §§ 17200, *et seq*. Under the CCPA, Plaintiff and all other persons similarly situated have the right to expect that the confidentiality of their personal information in possession of Defendants will be reasonably preserved and protected from unauthorized access, exfiltration, theft, and disclosure, and that Defendants will not violate their duties to implement and maintain reasonable security procedures and practices.

2. As alleged more fully below, by failing to take adequate and reasonable measures to ensure their data systems were protected against unauthorized intrusions, by failing to invest in cyber security and data protection safeguards, failing to implement adequate and reasonable security controls and user authorization and authentication processes, by failing to limit the types of data permitted to be transferred, by failing to encrypt Plaintiff's and the Class' "personal information" as defined by Civil Code § 1798.81.5, by maintaining Plaintiff's and the Class Members' "personal information" as defined by Civil Code § 1798.81.5 on Defendants' computer network or "system" for longer than is reasonably necessary, and to put into place reasonable or adequate computer "systems" and security practices to safeguard customers' and current and former employees' personal information, Defendants negligently created, maintained, preserved, and stored Plaintiff's and the Class (defined *infra*) members' personal information, in possession of or derived

from Defendants, in an unencrypted manner on and prior to August 7-8, 2023, allowing such information to be accessed and exfiltrated, stolen or disclosed by or to at least one "unauthorized actor" or third party. In fact, Defendants' form letter, dated November 27, 2023, entitled "**NOTICE OF DATA BREACH**," signed by "*Zeroed-In Technologies*," sent to Plaintiff and all other persons similarly situated, stated in part, "Zeroed-In Technologies, LLC ('Zeroed-In') is writing to notify you of a security incident that involved your information," and informing him, in part, of "**WHAT HAPPENED?** On August 8, 2023, Zeroed-In discovered suspicious activity related to certain systems. Zeroed- In immediately took steps to secure the systems and launched an investigation into the nature and scope of the activity. Through the investigation, we determined that an unauthorized actor gained access to certain systems between August 7, 2023, and August 8, 2023. While the investigation was able to determine that these systems were accessed, it was not able to confirm all of the specific files that were accessed or taken by the unauthorized actor. Therefore, Zeroed-In conducted a review of the contents of the systems to determine what information was present at the time of the incident and to whom the information relates. **WHAT PERSONAL DATA WAS INVOLVED?** This review was completed on August 31, 2023, and Zeroed-In notified Dollar Tree & Family Dollar of this incident. We are notifying you because the investigation determined that your information was present on the systems involved at the time of the incident and the information includes your name, date of birth, and Social Security number." An exemplar of Defendants' form letter, dated November 27, 2023, entitled "**NOTICE OF DATA BREACH**," signed by "*Zeroed-In Technologies*," that was submitted to the Attorney General of the State of California is attached hereto as **Exhibit A**.

3. Because Defendants failed to implement and maintain reasonable security procedures and practices, failed to ensure the confidentiality of and to protect the personal information of Plaintiff and the Class, including their first and last names, Social Security numbers, and dates of birth, from unauthorized access and exfiltration, theft, or disclosure, Defendants caused such personal information of Plaintiff and the Class to be subject to unauthorized access and exfiltration, theft, or disclosure by or to at least one "unauthorized actor" or third party in violation of the CCPA, Plaintiff, individually and on behalf of the Class, seeks pecuniary damages from

Defendants, pursuant to Civil Code § 1798.150(b). Additionally, because DOLLAR TREE, INC. failed to implement and maintain reasonable security procedures and practices, failed to ensure the confidentiality of and to protect such personal information of Plaintiff and the Class from unauthorized access and exfiltration, theft, or disclosure, at the time of the Data Breach, Plaintiff, individually and on behalf of the Class, seeks from DOLLAR TREE, INC. damages resulting from DOLLAR TREE, INC.'s breach of its implied contract with Plaintiff and the Class. Further, because Defendants' failure to implement and maintain reasonable security procedures and practices, failure to ensure the confidentiality of and to protect such personal information of Plaintiff and the Class from unauthorized access or disclosure continues to this day, Plaintiff also seeks injunctive relief pursuant to Civil Code § 1798.150(a)(1)(B) and Business & Professions Code § 17203. Additionally, because Plaintiff also alleges Defendants' conduct violates Cal. Civil Code § 1798.82(a), Plaintiff, individually and on behalf of the Class, also seeks from Defendants damages pursuant to Civil Code § 1798.84(b) and injunctive relief pursuant to Civil Code § 1798.84(e).

4. This action, if successful, will enforce an important right affecting the public interest and would confer a significant benefit, whether pecuniary or non-pecuniary, on a large class of persons. Private enforcement is necessary and places a disproportionate financial burden on Plaintiff in relation to Plaintiff's stake in the matter, and therefore class certification is appropriate in this matter.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action under California Code of Civil Procedure § 410.10. The aggregated amount of damages incurred by Plaintiff and the Class in the aggregate exceeds the $25,000 jurisdictional minimum of this Court. Further, the amount in controversy as to Plaintiff individually does not exceed $75,000.

6. Venue is proper in this Court under California Bus. & Prof. Code § 17203 and Code of Civil Procedure §§ 395(a) and 395.5 because Defendant DOLLAR TREE, INC. is registered to do business in and does business in the State of California, and employs persons located in California and in this judicial district. Defendants have obtained personal information of Plaintiff

and the Class in the transaction of business in the State of California and in this judicial district, which has caused both obligations and liability of Defendants to arise in the State of California and in this judicial district.

7. Further, this action does not qualify for federal jurisdiction under the Class Action Fairness Act because the home-state controversy exception under 28 U.S.C. § 1332(d)(4)(B) applies to this action because more than two-thirds of the members of the proposed Class are citizens of the State of California.

## PARTIES

### A. PLAINTIFF

8. Plaintiff Dylan Garcia (or "Plaintiff") is and was at all times relevant to this action a resident of the State of California and citizen of the State of California. Additionally, Plaintiff DYLAN GARCIA was formerly employed by Defendant DOLLAR TREE, INC. at its place of business located at Store #1943, 1400 E. Grand Ave., Ste. A, Arroyo Grande, CA, 93420-2424. During his employment, Plaintiff was required to and did provided his personal information, including his first and last name, address, date of birth, and Social Security number, to Defendant DOLLAR TREE, INC., including several years prior to August 7, 2023. Additionally, Plaintiff received Defendants' form letter, dated November 27, 2023, entitled "**NOTICE OF DATA BREACH**," signed by "*Zeroed-In Technologies*," an exemplar of which is attached hereto as **Exhibit A**, stating in part, "Zeroed-In Technologies, LLC ('Zeroed-In') is writing to notify you of a security incident that involved your information. Zeroed-In is a data and technology consulting firm that provides workforce analytical services to its clients, including Dollar Tree & Family Dollar. As part of these services, Zeroed-In receives information related to applicants and current and former employees of its clients," and informing him, in part, of "**WHAT HAPPENED?** On August 8, 2023, Zeroed-In discovered suspicious activity related to certain systems. Zeroed-In immediately took steps to secure the systems and launched an investigation into the nature and scope of the activity. Through the investigation, we determined that an unauthorized actor gained access to certain systems between August 7, 2023, and August 8, 2023. While the investigation was able to determine that these systems were accessed, it was not able to confirm all of the specific files that

were accessed or taken by the unauthorized actor. Therefore, Zeroed-In conducted a review of the contents of the systems to determine what information was present at the time of the incident and to whom the information relates. **WHAT PERSONAL DATA WAS INVOLVED?** This review was completed on August 31, 2023, and Zeroed-In notified Dollar Tree & Family Dollar of this incident. We are notifying you because the investigation determined that your information was present on the systems involved at the time of the incident and the information includes your name, date of birth, and Social Security number. **What We Are Doing**. Zeroed-In takes the confidentiality, privacy, and security of information in our care very seriously. Upon discovering the event, we took steps to secure our systems, launched an investigation, and reported this event to federal law enforcement. As part of our ongoing commitment to the security of your information, we are reviewing our existing policies and procedures and implemented additional safeguards to prevent a similar event from occurring in the future. Zeroed-In is also reporting this event to relevant regulators, as required. Zeroed-In is also offering you access to Single Bureau Credit Monitoring/Single Bureau Credit Report/Single Bureau Credit Score services at no charge. These services provide you with alerts for twelve (12) months from the date of enrollment when changes occur to your credit file. This notification is sent to you the same day that the change or update takes place with the bureau. Finally, we are providing you with proactive fraud assistance to help with any questions that you might have or in event that you become a victim of fraud. These services will be provided by Cyberscout through Identity Force, a TransUnion company specializing in fraud assistance and remediation services. You must activate these services and instructions to do so can be found in the enclosed *Additional Steps You Can Take.* **What You Can Do**. We encourage you to remain vigilant against incidents of identity theft and fraud by reviewing your account statements and monitoring your free credit reports for suspicious activity and to detect errors. Please review the enclosed *Additional Steps You Can Take*, which includes further information on additional steps you may consider taking. Additionally, Zeroed-In encourages you to activate the complimentary credit monitoring being offered. [¶] We sincerely apologize for any inconvenience this may cause." As a result, Plaintiff reasonably believes and alleges that his personal information was subject to an unauthorized "access," and exfiltration, theft, or disclosure by at least one "unauthorized actor."

**B. DEFENDANTS**

9. Defendant DOLLAR TREE, INC. ("DOLLAR TREE") is registered to do business and does business in the State of California (Entity File No. 2122117), has operated and continues to operate a place of business located at Store #1943, 1400 E. Grand Ave., Ste. A, Arroyo Grande , CA, 93420-2424. DOLLAR TREE is publicly traded on the NASDAQ under the ticker symbol "DLTR." In its most current Form 10-Q report filed pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 with the U.S. Securities and Exchange Commission for the quarterly period ended October 28, 2023, it reported gross revenues of $21,963,900,000 for the 39 weeks ended October 28, 2023 and gross revenues of $20,611,000,000 for the 39 weeks ended October 29, 2022. DOLLAR TREE represents in its most current Form 10-Q report that "We operate more than 16,600 retail discount stores in 48 states and five Canadian provinces. Our operations are conducted in two reporting business segments: Dollar Tree and Family Dollar." "The Dollar Tree segment is the leading operator of discount variety stores offering merchandise predominantly at the fixed price point of $1.25, with additional offerings at $3, $4 and $5 price points." "The Family Dollar segment operates a chain of general merchandise retail discount stores providing consumers with a selection of competitively-priced merchandise in convenient neighborhood stores." At all times relevant to this action, DOLLAR TREE employed Plaintiff and employs persons located in the California and in this judicial district.

10. At all times relevant to this action, DOLLAR TREE was and is a "business" within the meaning of Civil Code § 1798.140(c)(1), owns or licenses computerized data which includes Plaintiff's and the Class' personal information, within the meaning of Civil Code § 1798.82(h), and collected Plaintiff's and the Class' personal information within the meaning of Civil Code § 1798.81.5(d)(1).

11. Defendant ZEROED-IN TECHNOLOGIES, LLC ("ZEROED-IN") does business in the State of California, and operates a principal place of business located at 780 Elkridge Landing Road, Suite 208, Linthicum, Maryland 21090. On its website,[1] ZEROED-IN represents "ZeroedIn provides unparalleled data management support and analysis for all aspects of your business,"

[1] https://www.zeroedin.com/data-management/

"ZeroedIn supports the extraction, transformation, and integration of your multiple data points. By providing resources and/or technology, ZeroedIn will work with your team to extract, stage, and visualize your most critical data." and displays a graph demonstrating the extraction of "ADP" payroll data. In its "ZeroedIn Blog,"[2] ZEROED-IN represents "When you use ZeroedIn's software, our platform does all this for you. Our tool, and our team members who come on board to support you, organize your data from multiple systems like: HRIS, ATS, CRM, ERP, and more. It's put into a secure cloud and standardized in our application. Consolidating data from all sources for analysis can identify bottlenecks or areas that need improvement. Also, provides a holistic view of all people analytics and data to aid in business decisions, reorganizations, hiring, and more." ZEROED-IN's representation that data put into its cloud was "secure" was false and/or materially misleading. On or about November 27, 2023, ZEROED-IN, on behalf of itself and DOLLAR TREE, caused a form letter, dated November 27, 2023, entitled "**NOTICE OF DATA BREACH**," signed by "*Zeroed-In Technologies*," an exemplar of which is attached hereto as **Exhibit A**, to be submitted to the Attorney General of the State of California and to be mailed to Plaintiff and all others similarly situated. In its form letter submitted to the Attorney General of the State of California and mailed to Plaintiff and all others similarly situated, ZEROED-IN stated in part, "Zeroed-In Technologies, LLC ('Zeroed-In') is writing to notify you of a security incident that involved your information. Zeroed-In is a data and technology consulting firm that provides workforce analytical services to its clients, including Dollar Tree & Family Dollar. As part of these services, Zeroed-In receives information related to applicants and current and former employees of its clients," and informing him, in part, of "**WHAT HAPPENED?** On August 8, 2023, Zeroed-In discovered suspicious activity related to certain systems. Zeroed-In immediately took steps to secure the systems and launched an investigation into the nature and scope of the activity. Through the investigation, we determined that an unauthorized actor gained access to certain systems between August 7, 2023, and August 8, 2023. While the investigation was able to determine that these systems were accessed, it was not able to confirm all of the specific files that were accessed or taken by the unauthorized actor. Therefore, Zeroed-In conducted a review of the contents of the systems to

[2] https://www.zeroedin.com/data-management-your-way/

determine what information was present at the time of the incident and to whom the information relates. **WHAT PERSONAL DATA WAS INVOLVED?** This review was completed on August 31, 2023, and Zeroed-In notified Dollar Tree & Family Dollar of this incident. We are notifying you because the investigation determined that your information was present on the systems involved at the time of the incident and the information includes your name, date of birth, and Social Security number. **What We Are Doing**. Zeroed-In takes the confidentiality, privacy, and security of information in our care very seriously. Upon discovering the event, we took steps to secure our systems, launched an investigation, and reported this event to federal law enforcement. As part of our ongoing commitment to the security of your information, we are reviewing our existing policies and procedures and implemented additional safeguards to prevent a similar event from occurring in the future. Zeroed-In is also reporting this event to relevant regulators, as required. Zeroed-In is also offering you access to Single Bureau Credit Monitoring/Single Bureau Credit Report/Single Bureau Credit Score services at no charge. These services provide you with alerts for twelve (12) months from the date of enrollment when changes occur to your credit file. This notification is sent to you the same day that the change or update takes place with the bureau. Finally, we are providing you with proactive fraud assistance to help with any questions that you might have or in event that you become a victim of fraud. These services will be provided by Cyberscout through Identity Force, a TransUnion company specializing in fraud assistance and remediation services. You must activate these services and instructions to do so can be found in the enclosed *Additional Steps You Can Take*. **What You Can Do**. We encourage you to remain vigilant against incidents of identity theft and fraud by reviewing your account statements and monitoring your free credit reports for suspicious activity and to detect errors. Please review the enclosed *Additional Steps You Can Take*, which includes further information on additional steps you may consider taking. Additionally, Zeroed-In encourages you to activate the complimentary credit monitoring being offered. [¶] We sincerely apologize for any inconvenience this may cause."

12. At all times relevant to this action, ZEROED-IN was and is a "business" within the meaning of Civil Code § 1798.140(c)(1), owns or licenses computerized data which includes Plaintiff's and the Class' personal information, within the meaning of Civil Code § 1798.82(h), and

collected Plaintiff's and the Class' personal information within the meaning of Civil Code § 1798.81.5(d)(1).

**C. DOE DEFENDANTS**

13. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOE DEFENDANTS 1 through 100, inclusive, are currently unknown to Plaintiff, who therefore sues the Defendants by such fictitious names under the Code of Civil Procedure § 474. Each of the Defendants designated herein as a DOE DEFENDANT is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court and/or amend this complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOE DEFENDANTS 1 through 100 when such identities become known. Any reference made to a named Defendant by specific name or otherwise, individually or plural, is also a reference to the actions or inactions of DOE DEFENDANTS 1 through 100, inclusive.

**D. AGENCY/AIDING AND ABETTING**

14. At all times herein mentioned, Defendants, and each of them, were an agent or joint venturer of each of the other Defendants, and in doing the acts alleged herein, were acting with the course and scope of such agency. Each Defendant had actual and/or constructive knowledge of the acts of each of the other Defendants, and ratified, approved, joined in, acquiesced and/or authorized the wrongful acts of each co-defendant, and/or retained the benefits of said wrongful acts.

15. Defendants, and each of them, aided and abetted, encouraged and rendered substantial assistance to the other Defendants in breaching their obligations to Plaintiff and the Class, as alleged herein. In taking action, as particularized herein, to aid and abet and substantially assist the commissions of these wrongful acts and other wrongdoings complained of, each of the Defendants acted with an awareness of his/her/its primary wrongdoing and realized that his/her/its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

**FACTUAL ALLEGATIONS**

16. At all times relevant to this action, including the period prior to and on August 7-8, 2023, DOLLAR TREE required its job applicants and current and former employees to provide

personal information, including the first and last names, Social Security numbers, and dates of birth, of Plaintiff and the Class, as a condition of their employment, received such personal information from their job applicants and current and former employees, including Plaintiff and the Class, and thereafter created, maintained, preserved, and stored personal information records, including the first and last names, Social Security numbers, and dates of birth, of Plaintiff and the Class, of Plaintiff and the Class on its computer network or data "systems." Specifically, several years prior to August 7-8, 2023, Plaintiff DYLAN GARCIA was an employee of DOLLAR TREE and during his employment, Plaintiff was required to and did provided his personal information, including his first and last name, address, date of birth, and Social Security number, to DOLLAR TREE. Additionally, Plaintiff received Defendants' form letter, dated November 27, 2023, entitled "**NOTICE OF DATA BREACH**," signed by "*Zeroed-In Technologies*," an exemplar of which is attached hereto as **Exhibit A**, stating in part, "Zeroed-In Technologies, LLC ('Zeroed-In') is writing to notify you of a security incident that involved your information. Zeroed-In is a data and technology consulting firm that provides workforce analytical services to its clients, including Dollar Tree & Family Dollar. As part of these services, Zeroed-In receives information related to applicants and current and former employees of its clients," and informing him, in part, of "**WHAT HAPPENED?** On August 8, 2023, Zeroed-In discovered suspicious activity related to certain systems. Zeroed-In immediately took steps to secure the systems and launched an investigation into the nature and scope of the activity. Through the investigation, we determined that an unauthorized actor gained access to certain systems between August 7, 2023, and August 8, 2023. While the investigation was able to determine that these systems were accessed, it was not able to confirm all of the specific files that were accessed or taken by the unauthorized actor. Therefore, Zeroed-In conducted a review of the contents of the systems to determine what information was present at the time of the incident and to whom the information relates. **WHAT PERSONAL DATA WAS INVOLVED?** This review was completed on August 31, 2023, and Zeroed-In notified Dollar Tree & Family Dollar of this incident. We are notifying you because the investigation determined that your information was present on the systems involved at the time of the incident and the information includes your name, date of birth, and Social Security number." Thus, at all times

relevant to this action, including the period prior to and on August 7-8, 2023, DOLLAR TREE and ZEROED-IN were and are receipents of Plaintiff's personal information within the meaning of Civil Code § 1798.81.5(d)(1).

17. At all times relevant to this action, including the period prior to and on August 7-8, 2023, Defendants possessed Plaintiff's and the Class' personal information within the meaning of Civil Code § 1798.81.5(d)(1), in electronic and physical form, including their first and last names, Social Security numbers, and dates of birth, that, alone or in combination with other available information, reveals their identity.

18. As a receipent of Plaintiff's and the Class' personal information within the meaning of Civil Code § 1798.81.5(d)(1), in electronic and physical form, including their their first and last names, Social Security numbers, and dates of birth, at all times relevant to this action, including the period prior to August 7-8, 2023, Defendants are and were required to implement and maintain reasonable security procedures and practices, and to ensure the confidentiality of and to protect the personal information of Plaintiff and the Class, from unauthorized access and exfiltration, theft, or disclosure, pursuant to Civil Code §§ 1798.81.5 and 1798.150 or other applicable state law, including, but not limited to, all of the following:

i. Developing and implementing security policies and procedures.

ii. Designating a security official who is responsible for developing and implementing its security policies and procedures, including educating and training the workforce.

iii. Encrypting the information or records, and protecting against the release or use of the encryption key and passwords, or transmitting the information or records in a manner designed to provide equal or greater protections against improper disclosures.

19. Notwithstanding these duties, on or about November 27, 2023, ZEROED-IN, on behalf of itself and DOLLAR TREE, caused a form letter, dated November 27, 2023, entitled "**NOTICE OF DATA BREACH**," signed by "*Zeroed-In Technologies*," an exemplar of which is attached hereto as **Exhibit A**, to be submitted to the Attorney General of the State of California and to be mailed to Plaintiff and all others similarly situated. In its form letter submitted to the Attorney

General of the State of California and mailed to Plaintiff and all others similarly situated, ZEROED-IN stated in part, "Zeroed-In Technologies, LLC ('Zeroed-In') is writing to notify you of a security incident that involved your information. Zeroed-In is a data and technology consulting firm that provides workforce analytical services to its clients, including Dollar Tree & Family Dollar. As part of these services, Zeroed-In receives information related to applicants and current and former employees of its clients," and informing him, in part, of "**WHAT HAPPENED?** On August 8, 2023, Zeroed-In discovered suspicious activity related to certain systems. Zeroed-In immediately took steps to secure the systems and launched an investigation into the nature and scope of the activity. Through the investigation, we determined that an unauthorized actor gained access to certain systems between August 7, 2023, and August 8, 2023. While the investigation was able to determine that these systems were accessed, it was not able to confirm all of the specific files that were accessed or taken by the unauthorized actor. Therefore, Zeroed-In conducted a review of the contents of the systems to determine what information was present at the time of the incident and to whom the information relates. **WHAT PERSONAL DATA WAS INVOLVED?** This review was completed on August 31, 2023, and Zeroed-In notified Dollar Tree & Family Dollar of this incident. We are notifying you because the investigation determined that your information was present on the systems involved at the time of the incident and the information includes your name, date of birth, and Social Security number. **What We Are Doing**. Zeroed-In takes the confidentiality, privacy, and security of information in our care very seriously. Upon discovering the event, we took steps to secure our systems, launched an investigation, and reported this event to federal law enforcement. As part of our ongoing commitment to the security of your information, we are reviewing our existing policies and procedures and implemented additional safeguards to prevent a similar event from occurring in the future. Zeroed-In is also reporting this event to relevant regulators, as required. Zeroed-In is also offering you access to Single Bureau Credit Monitoring/Single Bureau Credit Report/Single Bureau Credit Score services at no charge. These services provide you with alerts for twelve (12) months from the date of enrollment when changes occur to your credit file. This notification is sent to you the same day that the change or update takes place with the bureau. Finally, we are providing you with proactive fraud assistance to help with any questions that you

might have or in event that you become a victim of fraud. These services will be provided by Cyberscout through Identity Force, a TransUnion company specializing in fraud assistance and remediation services. You must activate these services and instructions to do so can be found in the enclosed *Additional Steps You Can Take.* **What You Can Do**. We encourage you to remain vigilant against incidents of identity theft and fraud by reviewing your account statements and monitoring your free credit reports for suspicious activity and to detect errors. Please review the enclosed *Additional Steps You Can Take*, which includes further information on additional steps you may consider taking. Additionally, Zeroed-In encourages you to activate the complimentary credit monitoring being offered. [¶] We sincerely apologize for any inconvenience this may cause."

20. Defendants had the resources necessary to protect and preserve confidentiality of Plaintiff's and the Class' personal information in their possession, but neglected to adequately implement data security measures as required by the CCPA, despite their obligation to do so.

21. Additionally, the risk of vulnerabilities of un-secured computer and data systems and storage of nonencrypted records of being exploited by an unauthorized third parties trying to steal Plaintiff's and the Class' personal information was foreseeable and/or known to Defendants. The California Data Breach Report 2012-2015, issued in February 2016 by the Attorney General, Kamala D. Harris, reported, "Malware and hacking presents the greatest threat, both in the number of breaches and the number of records breached" and "Social Security numbers and medical information – was breached than other data types." Moreover, as the Attorney General further reported, just because "[e]xternal adversaries cause most data breaches, [] this does not mean that organizations are solely victims; they are also stewards of the data they collect and maintain. People entrust businesses and other organizations with their data on the understanding that the organizations have a both an ethical and a legal obligation to protect it from unauthorized access. Neglecting to secure systems and data opens a gateway for attackers, who take advantage of uncontrolled vulnerabilities." Regarding encryption, the Attorney General instructed in California Data Breach Report 2012-2015, "As we have said in the past, breaches of this type are preventable. Affordable solutions are widely available: strong full-disk encryption on portable devices and desktop computers when not in use.[] Even small businesses that lack full time information security

and IT staff can do this. They owe it to their patients, customers, and employees to do it now."

22. Further, it also was foreseeable and/or known to Defendants that negligently creating, maintaining, preserving, and/or storing Plaintiff's and the Class' personal information, in a nonencrypted electronic form, in their computer network or data "systems" in a manner that did not preserve the confidentiality of the information could have a devastating effect on them. As reported in the California Data Breach Report 2012-2015, "There are real costs to individuals. Victims of a data breach are more likely to experience fraud than the general public, according to Javelin Strategy & Research. In 2014, 67 percent of breach victims in the U.S. were also victims of fraud, compared to just 25 percent of all consumers."

23. At all times relevant to this action, including the period prior to and on August 7-8, 2023, Defendants negligently created, maintained, preserved, and/or stored Plaintiff's and the Class' personal information, including Plaintiff's and the Class' names, addresses, Social Security numbers, and dates of birth, in electronic form, onto Defendants' computer network or data "systems" in a manner that did not preserve the confidentiality of the information, and negligently failed to protect and preserve confidentiality of Plaintiff's and the Class' personal information in their possession against unauthorized disclosure and/or release, including but not limited to, by failing to take adequate and reasonable measures to ensure its data systems were protected against unauthorized intrusions, by failing to invest in cyber security and data protection safeguards, by failing to implement adequate and reasonable security controls and user authorization and authentication processes, by maintaining Plaintiff's and the Class Members' "personal information" as defined by Civil Code § 1798.81.5 on Defendants' computer network or "system" for longer than is reasonably necessary, by failing to limit the types of data permitted to be transferred, failing to encrypt Plaintiff's and the Class' "personal information" as defined by Civil Code § 1798.81.5, and to put into place reasonable or adequate computer systems and security practices to safeguard their customers' job applicants and current and former employees' personal information, and by failing to have adequate privacy policies and procedures in place, as required by the CCPA, and according to their written representations to Plaintiff and the Class.

///

24. Had Defendants taken such appropriate preventive actions, fix the deficiencies in their computer network or data "systems," and adopted security measures as required by the CCPA prior to and on August 7, 2023, Defendants could have prevented Plaintiff's and the Class' personal information in their computer network or data "systems" from being "accessed" and exfiltrated, stolen or disclosed by at least one "unauthorized actor."

25. California law requires a business to notify any California resident whose unencrypted personal information, as defined, was acquired, or reasonably believed to have been acquired, by an unauthorized person. Specifically, pursuant to Civil Code § 1798.82(a), "A person or business that conducts business in California, and that owns or licenses computerized data that includes personal information, shall disclose a breach of the security of the system following discovery or notification of the breach in the security of the data to a resident of California (1) whose unencrypted personal information was, or is reasonably believed to have been, acquired by an unauthorized person, or, (2) whose encrypted personal information was, or is reasonably believed to have been, acquired by an unauthorized person and the encryption key or security credential was, or is reasonably believed to have been, acquired by an unauthorized person and the person or business that owns or licenses the encrypted information has a reasonable belief that the encryption key or security credential could render that personal information readable or usable." California law also requires that a sample copy of a breach notice sent to more than 500 California residents must be provided to the California Attorney General. On or about November 27, 2023, ZEROED-IN caused Defendants' form letter, dated November 27, 2023, entitled "**NOTICE OF DATA BREACH**," signed by "*Zeroed-In Technologies*," an exemplar of which is attached hereto as **Exhibit A**, to be submitted to the Attorney General of the State of California and to be mailed to Plaintiff and the Class, stating in part, "Zeroed-In Technologies, LLC ('Zeroed-In') is writing to notify you of a security incident that involved your information. Zeroed-In is a data and technology consulting firm that provides workforce analytical services to its clients, including Dollar Tree & Family Dollar," and informing, in part, of "**WHAT HAPPENED?** On August 8, 2023, Zeroed-In discovered suspicious activity related to certain systems. Zeroed-In immediately took steps to secure the systems and launched an investigation into the nature and scope of the activity. Through

the investigation, we determined that an unauthorized actor gained access to certain systems between August 7, 2023, and August 8, 2023. While the investigation was able to determine that these systems were accessed, it was not able to confirm all of the specific files that were accessed or taken by the unauthorized actor. Therefore, Zeroed-In conducted a review of the contents of the systems to determine what information was present at the time of the incident and to whom the information relates. **WHAT PERSONAL DATA WAS INVOLVED?** This review was completed on August 31, 2023, and Zeroed-In notified Dollar Tree & Family Dollar of this incident. We are notifying you because the investigation determined that your information was present on the systems involved at the time of the incident and the information includes your name, date of birth, and Social Security number." Because ZEROED-IN submitted Defendants' form letter, dated November 27, 2023, entitled "**NOTICE OF DATA BREACH**," signed by "*Zeroed-In Technologies*," an exemplar of which is attached hereto as **Exhibit A**, to the Attorney General of the State of California and mailed it to Plaintiff and members of the Class, ZEROED-IN has determined and has conceded that Plaintiff's and the Class' personal information contained in Defendants' computer network and data "systems" was either not encrypted at all, or if it was encrypted, the encryption has been breached by the "unauthorized actor" or third party. Additionally, because ZEROED-IN submitted Defendants' form letter, dated November 27, 2023, entitled "**NOTICE OF DATA BREACH**," signed by "*Zeroed-In Technologies*," an exemplar of which is attached hereto as **Exhibit A**, to the Attorney General of the State of California and mailed it to Plaintiff and members of the Class, ZEROED-IN has conceded that Plaintiff's and the Class' personal information contained in Defendants' computer network and data "systems," was unencrypted and thus, the unauthorized third party who "accessed" Plaintiff's and the Class' personal information contained in Defendants' computer network and data "systems," was able to actually view Plaintiff's and the Class' personal information contained in Defendants' computer network and data "systems," consistuting a "disclosure" under Civil Code § 1798.150(a)(1). As a result, Defendants were negligent for failing to encrypt or adequately encrypt Plaintiff's and the Class' electronic personal information contained in their computer network or data "systems."

///

**Ex. A**
p. 27

26. Defendants' form letter submitted to the Attorney General of the State of California and mailed to Plaintiff and the Class, an exemplar of which is attached hereto as **Exhibit A**, further states, "We sincerely apologize for any inconvenience this may cause," and "Zeroed-In is also offering you access to Single Bureau Credit Monitoring/Single Bureau Credit Report/Single Bureau Credit Score services at no charge. These services provide you with alerts for twelve (12) months from the date of enrollment when changes occur to your credit file." Other than offering its apology and promise of "Single Bureau Credit Monitoring" from "Transunion" "for twelve (12) months," Defendants' form letter does nothing to further protect Plaintiff and the Class from future incidents of identity theft despite the severity of the unauthorized access, exfiltration, theft, or disclosure of their electronic personal information caused by Defendants' violations of their duty to implement and maintain reasonable security procedures and practices. To date, other than offering their apology and promise of "Single Bureau Credit Monitoring" from "Transunion" "for twelve (12) months," Defendants have not offered any monetary compensation or comprehensive identity theft protection for the unauthorized "access" and exfiltration, theft, or disclosure of Plaintiff's and the Class' electronic personal information. In effect, Defendants are shirking their responsibility for the harm they have caused, while shifting the burdens and costs of their wrongful conduct onto their current and former employees, i.e. Plaintiff and the Class. Additionally, Defendants' form letter, by including "Single Bureau Credit Monitoring" from "Transunion" "for twelve (12) months," pursuant to Civil Code § 1798.82(d)(2)(G), Defendants have conceded that ZEROED-IN "was the source of the breach."

## <u>CLASS ACTION ALLEGATIONS</u>

27. Plaintiff brings this action on behalf of himself individually and on behalf of all others similarly situated. The putative class that Plaintiff seeks to represent is defined as follows:

> <u>Class</u>: All persons to whom Defendants sent a letter, entitled "**NOTICE OF DATA BREACH**," signed by "*Zeroed-In Technologies*," an exemplar of which is attached hereto as **Exhibit A**, addressed to a California residential address.

The officers and directors of Defendants and any "affiliate," "principal" and "subsidiary," as defined in the Corporations Code §§ 150, 175, and 189, respectively, of Defendants are excluded from the Class. Plaintiff reserves the right under California Rule of Court 3.765 to amend or modify

**Ex. A**
p. 28

the Class definition with greater particularity or further division into subclasses or limitation to particular issues as warranted, and as additional facts are discovery by Plaintiff during his future investigations.

28. This action is properly maintainable as a class action. The members of the Class are so numerous that joinder of all members is impracticable, if not completely impossible. While the exact number of the Class members is unknown to Plaintiff at this time, such information can be ascertained through appropriate investigation and discovery. The disposition of the claims of the members of Class through this class action will benefit both the parties and this Court. In addition, the Class is readily identifiable from information and records in the possession of Defendants and their agents, and the Class is defined in objective terms that make the eventual identification of Class members possible and/or sufficient to allow members of the Class to identify themselves as having a right to recover.

29. There is a well-defined community of interest among the members of the Class because common questions of law and fact predominate, Plaintiff's claims are typical of the members of the Class, and Plaintiff can fairly and adequately represent the interests of the Class.

30. Common questions of law and fact exist as to all members of the Class and the Class and predominate over any questions affecting solely individual members of the Class and the Class. Among the questions of law and fact common to the Class that predominate over questions which may affect individual Class members, including the following:

a) Whether Defendants possessed Plaintiff's and the Class' personal information prior to and on August 7-8, 2023;

b) Whether Defendants created, maintained, preserved and/or stored Plaintiff's and the Class' personal information, in electronic form, onto Defendants' computer network or data "systems," prior to and on August 7-8, 2023;

c) Whether Defendants implemented and maintained reasonable security procedures and practices to protect Plaintiff's and the Class' personal information, in electronic form, within Defendants' computer network or data "systems," prior to and on August 7-8, 2023;

d) Whether Plaintiff's and the Class' personal information, in electronic form, within Defendants' computer network or data "systems," prior to and on August 7-8, 2023, was accessed, exfiltrated, stolen, and/or disclosed by or to an unauthorized third party;

e) Whether Defendants' notice that Plaintiff's and the Class' personal information was accessed, exfiltrated, stolen, and/or disclosed by or to an unauthorized third party, provided the minimum amount information required by statute;

f) Whether the timing of Defendants' notice that Plaintiff's and the Class' personal information was accessed, exfiltrated, stolen, and/or disclosed by or to an unauthorized third party, was given in the most expedient time possible and without reasonable delay;

g) Whether Defendants' conduct constitute unlawful, fraudulent, or unfair practices in violation of Business and Professions Code §§ 17200, *et seq*.; and

h) Whether Plaintiff and the Class are entitled to actual, nominal, or statutory damages, injunctive relief and/or restitution.

31. Plaintiff's claims are typical of those of the other Class members because Plaintiff, like every other Class member, was exposed to virtually identical conduct and now suffers from the same violations of the law as other Class members.

32. Plaintiff will fairly and adequately protect the interests of the Class. Moreover, Plaintiff has no interest that is contrary to or in conflict with those of the Class he seeks to represent. In addition, Plaintiff has retained competent counsel experienced in class action litigation to further ensure such protection and intend to prosecute this action vigorously.

33. The nature of this action and the nature of laws available to Plaintiff and the members of Class make the use of the class action format a particularly efficient and appropriate procedure to afford relief to Plaintiff and Class for the claims alleged and the disposition of whose claims in a class action will provide substantial benefits to both the parties and the Court because:

a) If each member of the Class were required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage since they would be able to

exploit and overwhelm the limited resources of each individual member of the Class with their vastly superior financial and legal resources;

b) The costs of individual suits could unreasonably consume the amounts that would be recovered;

c) Proof of a common business practice or factual pattern which Plaintiff experienced is representative of that experienced by the Class and will establish the right of each of the members to recover on the causes of action alleged;

d) Individual actions would create a risk of inconsistent results and would be unnecessary and duplicative of this litigation;

e) Defendants have acted or refused to act on grounds generally applicable to the Class as a whole, thereby making it appropriate to render judgment with respect to the Class as a whole in this litigation; and

f) The disposition of the claims of the members of Class through this class action will produce salutary by-products, including a therapeutic effect upon those who indulge in unlawful practices, and aid to legitimate business enterprises by curtailing unlawful competition.

34. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for the Defendants in the State of California and would lead to repetitious trials of the numerous common questions of fact and law in the State of California. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action. As a result, a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

35. Notice to the members of the Class may be made by e-mail or first-class mail addressed to all persons who have been individually identified by Defendants and who have been given notice of the data breach.

36. Plaintiff and the Class have suffered irreparable harm and damages because of Defendants' wrongful conduct as alleged herein. Absent certification, Plaintiff and the Class will

continue to be damaged and to suffer by the unauthorized disclosure and/or release of their personal information, thereby allowing these violations of law to proceed without remedy.

37. Moreover, Plaintiff's and the Class' individual damages are insufficient to justify the cost of litigation, so that in the absence of class treatment, Defendants' violations of law inflicting substantial damages in the aggregate would go unremedied. In addition, Defendants have acted or refused to act on grounds generally applicable to Plaintiff and the Class, thereby making appropriate final injunctive relief with respect to, the Class as a whole.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### Breach of Implied Contract
### (On Behalf of Plaintiff and the Class Against DOLLAR TREE, INC. and DOE DEFENDANTS 1-100)

38. Plaintiff incorporates by reference all of the above paragraphs of this complaint as if fully stated herein.

39. Plaintiff and the Class provided their personal information, including their first and last names in connection with their Social Security numbers, to DOLLAR TREE in connection with their applying for employment with and/or obtaining employment with DOLLAR TREE and were required to provide and did provide such personal information as a condition of applying for employment with and/or receiving employment from DOLLAR TREE. Unknown to Plaintiff and the Class, DOLLAR TREE provided Plaintiff's and the Class's personal information, including their first and last names in connection with their Social Security numbers, to ZEROED-IN. In fact, Defendants' form letter, dated November 27, 2023, entitled "**NOTICE OF DATA BREACH**," signed by "*Zeroed-In Technologies*," an exemplar of which is attached hereto as **Exhibit A**, informed Plaintiff and the Class for the first time that, "As part of these services, Zeroed-In receives information related to applicants and current and former employees of its clients.."

40. DOLLAR TREE would not have employed Plaintiff, nor any members of the Class had Plaintiff and the Class not provided their their personal information, including their first and last names in connection with their Social Security numbers, to DOLLAR TREE.

///

**Ex. A**
p. 32

41. Plaintiff and the Class had no alternative and did not have any bargaining power with regard to providing their personal information, including their first and last names in connection with their Social Security numbers, to DOLLAR TREE. DOLLAR TREE required disclosure of their personal information, including their first and last names in connection with their Social Security numbers, to DOLLAR TREE as a condition to applying for employment with and/or obtaining employment with DOLLAR TREE, which the Plaintiff and the Class did with the expectation that DOLLAR TREE would secure such personal information so as to maintain its confidentiality and prevent unauthorized access, exfiltration, theft, or disclosure thereof. At no time prior to the Data Breach did DOLLAR TREE disclose to Plaintiff and the Class that their personal information in possession of DOLLAR TREE or transfer to DOLLAR TREE's agents or vendors was not secure so as to maintain the confidentiality of their personal information and to prevent unauthorized access, exfiltration, theft, or disclosure of their personal information, which DOLLAR TREE, INC. had a duty to disclose.

42. When Plaintiff and the Class provided labor and their personal information, including their first and last names in connection with their Social Security numbers to DOLLAR TREE in exchange for wages and other employment benefits, they entered into implied contracts with DOLLAR TREE pursuant to which DOLLAR TREE agreed to reasonably safeguard and protect their personal information and to timely and accurately notify them if the confidentiality of their personal information had been accessed or disclosed to an unauthorized person.

43. At all times relevant to this action, DOLLAR TREE solicited and invited employees and employment candidates to provide their personal information, including their first and last names in connection with their Social Security numbers, as part of its regular business practices. These individuals accepted DOLLAR TREE's offers and provided their personal information, including their first and last names in connection with their Social Security numbers, to DOLLAR TREE. In entering into such implied contracts, Plaintiff and the Class reasonably assumed that DOLLAR TREE's data security practices and policies were reasonable and consistent with industry standards, and that DOLLAR TREE would give them notice if (i) DOLLAR TREE transferred their personal information to DOLLAR TREE's agents or vendors, (ii) one of DOLLAR TREE's agents

or vendors stored their personal information in an un-secured manner so as to not maintain the confidentiality of their personal information and to prevent unauthorized access, acquisition, exfiltration, theft or disclosure of their personal information, and (iii) their personal information was subject to unauthorized access, exfiltration, theft, or disclosure.

44. Plaintiff and the Class would not have provided and entrusted their personal information, including their first and last names in connection with their Social Security numbers, to Defendant in the absence of the implied contract between them and DOLLAR TREE to keep their personal information secure so as to maintain the confidentiality of their personal information and to prevent unauthorized access, exfiltration, theft, or disclosure of their personal information.

45. Plaintiff and the Class fully performed their obligations under the implied contracts with DOLLAR TREE.

46. DOLLAR TREE breached its implied contracts with Plaintiff and the Class by failing to safeguard and protect their personal information, including their first and last names in connection with their Social Security numbers, by failing to provide timely, complete, and accurate notice of the extent to which DOLLAR TREE transferred their personal information to ZEROED-IN, and by failing to provide timely, complete, and accurate notice of the extent to which their personal information was subjected to unauthorized access and exfiltration, theft, or disclosure as a result of the Data Breach.

47. As a direct and proximate result of DOLLAR TREE's breach of their implied contract with Plaintiff and the Class, Plaintiff and the Class sustained actual losses and damages as described herein, including a diminution of the value of their personal information as a result of the Data Breach.

48. As a direct and proximate result of DOLLAR TREE's breach of their implied contract with Plaintiff and the Class, Plaintiff and the Class seek pecuniary and/or nominal damages from DOLLAR TREE.

///

///

///

**SECOND CAUSE OF ACTION**
**Breach of California Consumer Privacy Act**
**Civil Code § 1798.150**
**(On Behalf of Plaintiff and the Class Against All Defendants)**

49. Plaintiff incorporates by reference all of the above paragraphs of this complaint as if fully stated herein.

50. Pursuant to Civil Code § 1798.150(a)(1), "[a]ny consumer whose nonencrypted and nonredacted personal information, as defined in subparagraph (A) of paragraph (1) of subdivision (d) of Section 1798.81.5, or whose email address in combination with a password or security question and answer that would permit access to the account is subject to an unauthorized access and exfiltration, theft, or disclosure as a result of the business's violation of the duty to implement and maintain reasonable security procedures and practices appropriate to the nature of the information to protect the personal information may institute a civil action ....."

51. Plaintiff is a "consumer" as defined by Civil Code § 1798.140(g) because he is a natural person residing in the state of California.

52. Defendants are organized for the profit or financial benefit of their owners and collects Plaintiff's and the Class' "personal information" as defined by Civil Code § 1798.81.5 as defined by Civil Code § 1798.140.

53. Defendants are each a "business" as defined by Civ. Code § 1798.140(c) because they each do business in the state of California and had annual gross revenues in excess of twenty-five million dollars ($25,000,000) in the preceding calendar year.

54. The CCPA provides that "personal information" includes "[a]n individual's first name or first initial and the individual's last name in combination with any one or more of the following data elements, when either the name or the data elements are not encrypted or redacted ... (i) Social Security number. Civil Code § 1798.81.5(d)(1)(A); and *see*, Civil Code § 1798.150(a)(1).

55. Prior to the Data Breach, Plaintiff's first and last name, in combination with his Social Security Number, and other personal information, in a nonencrypted and/or nonredacted format, was stored in an un-secured manner on Defendants' computer systems, as confirmed by Defendants' form letter, dated November 27, 2023, entitled "**NOTICE OF DATA BREACH**,"

**Ex. A**
**p. 35**

signed by "*Zeroed-In Technologies*," an exemplar of which is attached hereto as **Exhibit A**.

56. Prior to the Data Breach, Defendants knew, or should have known, that their data security practices were inadequate to safeguard Plaintiff's and the Class' "personal information" as defined by Civil Code § 1798.81.5 and that the risk of a data breach or theft was highly likely. Defendants failed to implement and maintain reasonable security procedures and practices appropriate to the nature of the information to protect Plaintiff's and the Class' "personal information" as defined by Civil Code § 1798.81.5, such as encrypting Plaintiff's and the Class' "personal information" as defined by Civil Code § 1798.81.5 so in the event of a data breach Plaintiff's and the Class' "personal information" as defined by Civil Code § 1798.81.5 cannot be read by an unauthorized third party.

57. As a result of the failure to implement reasonable security procedures and practices, and by storing Plaintiff's and the Class' "personal information" as defined by Civil Code § 1798.81.5 in a nonencrypted and/or nonredacted format, in an un-secured manner, Plaintiff's and the Class' "personal information" as defined by Civil Code § 1798.81.5 was subject to an unauthorized access and exfiltration, theft, or disclosure, as confirmed by Defendants' form letter, dated November 27, 2023, entitled "**NOTICE OF DATA BREACH**," signed by "*Zeroed-In Technologies*," an exemplar of which is attached hereto as **Exhibit A**.

58. Defendants violated section 1798.150(a) of the California Consumer Privacy Act ("CCPA") by failing to prevent Plaintiff's and the Class' "personal information" as defined by Civil Code § 1798.81.5 from unauthorized access and exfiltration, theft, or disclosure as a result of Defendants' violations of their duty to implement and maintain reasonable security procedures and practices appropriate to the nature of the information to protect Plaintiff's and the Class' "personal information" as defined by Civil Code § 1798.81.5. In fact, after the Data Breach, Defendants conceded that they failed to implement and maintain reasonable security procedures and practices by alleging that after the Data Breach, they "implemented additional safeguards to prevent a similar event from occurring in the future," in Defendants' form letter, dated November 27, 2023, entitled "**NOTICE OF DATA BREACH**," signed by "*Zeroed-In Technologies*," an exemplar of which is attached hereto as **Exhibit A**. Nevertheless, Defendants have yet to confirm that they have, after the

Data Breach, encrypted Plaintiff's and the Class' "personal information" as defined by Civil Code § 1798.81.5 so in the event of a future data breach Plaintiff's and the Class' "personal information" as defined by Civil Code § 1798.81.5 cannot be read by an unauthorized third party.

59. Plaintiff's and the Class' "personal information" as defined by Civil Code § 1798.81.5 was subjected to unauthorized access and exfiltration, theft, or disclosure as a direct and proximate result of Defendants' violation of their duty under the CCPA.

60. As a direct and proximate result of Defendants' violation of their duty under the CCPA, Plaintiff and the Class seek pecuniary damages pursuant to Civil Code § 1798.150(b) from all Defendants.

61. As a direct and proximate result of Defendants' violation of their duty under the CCPA, Plaintiff and the Class also seek injunctive or declaratory relief from all Defendants pursuant to Civil Code § 1798.150(a)(1)(B) to ensure that Defendants hereinafter adequately safeguard Plaintiff's and the Class' "personal information" as defined by Civil Code § 1798.81.5 by implementing reasonable security procedures and practices. This relief is important because Defendants still possess Plaintiff's and the Class' "personal information" as defined by Civil Code § 1798.81.5, and Defendants have yet to confirm that they have, after the Data Breach, encrypted Plaintiff's and the Class' "personal information" as defined by Civil Code § 1798.81.5 so in the event of a future data breach Plaintiff's and the Class' "personal information" as defined by Civil Code § 1798.81.5 cannot be read by an unauthorized third party. Plaintiff and the Class have an interest in ensuring that their "personal information" as defined by Civil Code § 1798.81.5 is reasonably protected in the future.

62. On December 13, 2023, Plaintiff's counsel sent CCPA notice letters to DOLLAR TREE, INC. and ZEROED-IN, and if within the 30 days of deliver of such CCPA notice letters, DOLLAR TREE, INC. and ZEROED-IN do not actually cure the noticed violation and provide Plaintiff with an express written statement that the noticed violation has been cured and that no further violations shall occur (which Plaintiff believes any such cure is not possible under these facts and circumstances), Plaintiff and the Class shall also seek statutory damages in an amount not less than one hundred dollars ($100) and not greater than seven hundred and fifty ($750) per

consumer per incident pursuant to Civil Code § 1798.150(a)(1)(A) from all Defendants.

**THIRD CAUSE OF ACTION**
**Breach of California Security Notification Laws**
**California Civil Code § 1798.82**
**(On Behalf of Plaintiff and the Class Against All Defendants)**

63. Plaintiff incorporates by reference all of the above paragraphs of this complaint as if fully stated herein.

64. Pursuant to Civil Code § 1798.82(a), "A person or business that conducts business in California, and that owns or licenses computerized data that includes personal information, shall disclose a breach of the security of the system following discovery or notification of the breach in the security of the data to a resident of California (1) whose unencrypted personal information was, or is reasonably believed to have been, acquired by an unauthorized person, or, (2) whose encrypted personal information was, or is reasonably believed to have been, acquired by an unauthorized person and the encryption key or security credential was, or is reasonably believed to have been, acquired by an unauthorized person and the person or business that owns or licenses the encrypted information has a reasonable belief that the encryption key or security credential could render that personal information readable or usable."

65. Civil Code § 1798.82 further provides, "(h) For purposes of this section, 'personal information' means an individual's first name or first initial and last name in combination with any one or more of the following data elements, when either the name or the data elements are not encrypted: (1) Social security number."

66. Defendants conduct business in California and own or license computerized data which includes the personal information, within the meaning of Civil Code § 1798.82(h), of Plaintiff and the Class.

67. Defendants waited more than 112 days after the Data Breach before *beginning* to inform Plaintiff and the Class of this Data Breach by mailing a "Notice of Data breach" letter, an exemplar of which is attached hereto as **Exhibit A**. Given the example of the Legistlative history and the Legislature's finding that a delay of 21 days to be "late notice" under the statute, Defendants' delay of more than 112 days after they became aware of the Data Breach (on August 8,

**Ex. A**
p. 38

2023), before *beginning* to mail Defendants' form letter, dated November 27, 2023, entitled "**NOTICE OF DATA BREACH**," signed by "*Zeroed-In Technologies*," an exemplar of which is attached as **Exhibit A**, is presumptively unreasonable notice in violation of Civil Code § 1798.82(a). Additionally, Defendants' form letter, dated November 27, 2023, entitled "**NOTICE OF DATA BREACH**," signed by "*Zeroed-In Technologies*," an exemplar of which is attached hereto as **Exhibit A**, failed to provide the "contact information of the reporting person or business subject to this section," in violation of Civil Code § 1798.82(d)(2)(A), and failed to state whether notification was delayed as a result of a law enforcement investigation, in violation of Civil Code § 1798.82(d)(2)(D).

68. Plaintiff and the Class have been injured by fact that Defendants did not disclose to them that their unencrypted personal information was, or was reasonably believed to have been, acquired by an unauthorized person in the most expedient time possible and without reasonable delay in violation of Civil Code § 1798.82(a), and by fact that Defendants did not provide all of the information minimally required by Civil Code § 1798.82(d). Defendants' delays providing all of the information required by Civil Code § 1798.82(d) and in informing in the most expedient time possible and without reasonable delay as required by Civil Code § 1798.82(a), have prevented Plaintiff and the Class from taking steps in the most expedient time possible to protect their unencrypted personal information from unauthorized use and/or identify theft.

69. Plaintiff and the Class seek recovery of their damages pursuant to Civil Code § 1798.84(b) and injunctive relief pursuant to Civil Code § 1798.84(e) from all Defendants.

**<u>FOURTH CAUSE OF ACTION</u>**
**Unlawful and Unfair Business Acts and Practices in Violation of California Business & Professions Code §§ 17200, *et seq*.**
**(On Behalf of Plaintiff and the Class Against All Defendants)**

70. Plaintiff incorporates by reference all of the above paragraphs of this complaint as if fully stated herein.

71. The acts, misrepresentations, omissions, practices, and non-disclosures of Defendants as alleged herein constituted unlawful and unfair business acts and practices within the meaning of Business & Professions Code §§ 17200, *et seq*. As set forth more fully above, Plaintiff

and the Class, as current and former employees of DOLLAR TREE, were obligated to provide their personal information to DOLLAR TREE, and Defendants stored the personal information of Plaintiff and the Class in its computer systems, and knew or should have known it did not employ reasonable, industry standard, and appropriate security measures that complied with applicable regulations and that would have kept Plaintiff's and the Class's personal information secure so as to prevent unauthorized "access" and exfiltration, theft or disclosure of their personal information.

72. By the aforementioned business acts or practices, Defendants have engaged in "unlawful" business acts and practices in violation of the aforementioned statutes, including Civil Code §§ 1798.82, and 1798.150. Plaintiff reserves the right to allege other violations of law committed by Defendants which constitute unlawful acts or practices within the meaning of Business & Professions Code §§ 17200, *et seq*.

73. By the aforementioned business acts or practices, Defendants have also engaged in "unfair" business acts or practices in that the harm caused by Defendants' failure to maintain adequate information security procedures and practices, including but not limited to, by failing to take adequate and reasonable measures to ensure their data systems were protected against unauthorized intrusions, by failing to put into place reasonable or adequately computer systems and security practices to safeguard employees and protential employees' identifiable personal information including access restrictions and encryption, by failing to have adequate privacy policies and procedures in place that did not preserve the confidentiality of the personal information of Plaintiff and the Class in their possession, by maintaining Plaintiff's and the Class Members' personal information on Defendants' computer network or "system" for longer than is reasonably necessary, and by failing to protect and preserve confidentiality of personal information of Plaintiff and the Class in their possession against disclosure and/or release, outweighs the utility of such conduct and such conduct offends public policy, is immoral, unscrupulous, unethical, deceitful and offensive, and causes substantial injury to Plaintiff and the Class.

74. Plaintiff has suffered an injury in fact by acquiring less in his exchange of his labor with DOLLAR TREE than he otherwise would have if Defendants would had adequately protected the confidentiality of his personal information. Plaintiff has suffered an injury in fact by a

**Ex. A**
p. 40

diminution of the value of his personal information, including his Social Security number, as a result of the Data Breach.

75. The aforementioned unlawful, fraudulent, and unfair business acts or practices conducted by Defendants have been committed in the past and continues to this day. Defendants have failed to acknowledge the wrongful nature of their actions. Defendants have not corrected or publicly issued comprehensive corrective notices to Plaintiff and the Class, and have not corrected or enacted adequate privacy policies and procedures to protect and preserve confidentiality of personal information of Plaintiff and the Class in their possession.

76. Because of Defendants' aforementioned conduct, Plaintiff and the Class have no other adequate remedy of law in that absent injunctive relief from the Court and Defendants are likely to continue to injure Plaintiff and the Class.

77. Pursuant to Business & Professions Code § 17203, Plaintiff and the Class seek an order of this Court for equitable and/or injunctive relief in the form of requiring Defendants to correct their illegal conduct that is necessary and proper to prevent Defendants from repeating their illegal and wrongful practices as alleged above and protect and preserve confidentiality of personal information of Plaintiff and the Class in Defendants' possession that has already been "accessed," and exfiltrated, stolen and disclosed by at least one "unauthorized actor" as a result of Defendants' illegal and wrongful practices set forth above. Pursuant to Business & Professions Code § 17203, Plaintiff and the Class further seek an order of this Court for equitable and/or injunctive relief in the form of requiring Defendants to publicly issue comprehensive corrective notices.

78. Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiff and the Class also seek the recovery of attorneys' fees and costs in prosecuting this action against Defendants under Code of Civil Procedure § 1021.5 and other applicable law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully request that the Court grant Plaintiff and the proposed Class the following relief against Defendants, and each of them:

///

**Ex. A**
p. 41

**As for the First Cause of Action**

1. For nominal and/or actual damages according to proof to Plaintiff individually and to each member of the Class;

**As for the Second Cause of Action**

2. For pecuniary damages according to proof to Plaintiff individually and to each member of the Class pursuant to Civil Code § 1798.150(a)(1)(A) and Civil Code § 1798.150(b);
3. For injunctive or declaratory relief in the form of an order instructing Defendant to implement reasonable security procedures and practices appropriate to the nature of the personal information to protect the personal information of Plaintiff and the Class from unauthorized access or disclosure, and to adequately maintain the confidentiality of the personal information of Plaintiff and the Class in their possession, in accordance with Civil Code § 1798.81.5, pursuant to Civil Code § 1798.150(a)(1)(B);

**As for the Third Cause of Action**

4. For damages according to proof to Plaintiff individually and to each member of the Class pursuant to California Civil Code § 1798.84(b);
5. For injunctive relief pursuant to California Civil Code § 1798.84(e);

**As for the Fourth Cause of Action**

6. For injunctive relief in the form of an order instructing Defendants to implement reasonable security procedures and practices appropriate to the nature of the personal information to protect the personal information of Plaintiff and Class Members from unauthorized access or disclosure, and to adequately maintain the confidentiality of the personal information of Plaintiff and Class Members in their possession;
7. For injunctive relief in the form of an order instructing Defendants to publicly issue comprehensive corrective notices;
8. For injunctive relief in the form of an order enjoining Defendants from disclosing the personal information of Plaintiff and the Class without the prior written authorization of Plaintiff and each member of the Class;

///

**As to All Causes of Action**

9. That the Court issue an Order certifying this action be certified as a class action on behalf of the proposed Class, appointing Plaintiff as representative of the proposed Class, and appointing Plaintiff's attorneys, as counsel for members of the proposed Class;

10. For an award of attorneys' fees as authorized by statute, including, but not limited to, the provisions of California Code of Civil Procedure § 1021.5, and as authorized under the "common fund" doctrine, and as authorized by the "substantial benefit" doctrine;

11. For costs of the suit;

12. For prejudgment interest at the legal rate; and

13. Any such further relief as this Court deems necessary, just, and proper.

**COHELAN KHOURY & SINGER**
**KEEGAN & BAKER LLP**

Dated: December 15, 2023 By: ______________________

Isam C. Khoury, Esq.
Patrick N. Keegan, Esq.
Attorneys for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff and the Class hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.

**COHELAN KHOURY & SINGER**
**KEEGAN & BAKER LLP**

Dated: December 15, 2023 By: ______________________

Isam C. Khoury, Esq.
Patrick N. Keegan, Esq.
Attorneys for Plaintiff

# EXHIBIT A

Zeroed-In Technologies, LLC
c/o Cyberscout
PO Box 1286
Dearborn, MI 48120-9998

zeroedin

[redacted]

000010102G0500

P

November x, 2023

**NOTICE OF SECURITY INCIDENT**

Dear [redacted]:

Zeroed-In Technologies, LLC ("Zeroed-In") is writing to notify you of a security incident that involved your information. Zeroed-In is a data and technology consulting firm that provides workforce analytical services to its clients, including [redacted]. As part of these services, Zeroed-In receives information related to applicants and current and former employees of its clients. This letter includes information about Zeroed-In's response to the incident and additional steps you may consider taking.

**What Happened?** On August 8, 2023, Zeroed-In discovered suspicious activity related to certain systems. Zeroed- In immediately took steps to secure the systems and launched an investigation into the nature and scope of the activity. Through the investigation, we determined that an unauthorized actor gained access to certain systems between August 7, 2023, and August 8, 2023. While the investigation was able to determine that these systems were accessed, it was not able to confirm all of the specific files that were accessed or taken by the unauthorized actor. Therefore, Zeroed-In conducted a review of the contents of the systems to determine what information was present at the time of the incident and to whom the information relates.

**What Information Was Involved?** This review was completed on August 31, 2023, and Zeroed-In notified [redacted] of this incident. We are notifying you because the investigation determined that your information was present on the systems involved at the time of the incident and the information includes your name, date of birth, and Social Security number.

**What We Are Doing.** Zeroed-In takes the confidentiality, privacy, and security of information in our care very seriously. Upon discovering the event, we took steps to secure our systems, launched an investigation, and reported this event to federal law enforcement. As part of our ongoing commitment to the security of your information, we are reviewing our existing policies and procedures and implemented additional safeguards to prevent a similar event from occurring in the future. Zeroed-In is also reporting this event to relevant regulators, as required.

Zeroed-In is also offering you access to Single Bureau Credit Monitoring/Single Bureau Credit Report/Single Bureau Credit Score services at no charge. These services provide you with alerts for twelve (12) months from the date of enrollment when changes occur to your credit file. This notification is sent to you the same day that the change or update takes place with the bureau. Finally, we are providing you with proactive fraud assistance to help with any questions that you might have or in event that you become a victim of fraud. These services will be provided by Cyberscout through Identity Force, a TransUnion company specializing in fraud assistance and remediation services. You must activate these services and instructions to do so can be found in the enclosed *Additional Steps You Can Take.*

**What You Can Do.** We encourage you to remain vigilant against incidents of identity theft and fraud by reviewing your account statements and monitoring your free credit reports for suspicious activity and to detect errors. Please review the enclosed *Additional Steps You Can Take,* which includes further information on additional steps you may

consider taking. Additionally, Zeroed-In encourages you to activate the complimentary credit monitoring being offered.

**For More Information.** Zeroed-In understands you may have questions about this event that are not addressed in this letter. If you have additional questions, please contact our dedicated assistance line 1-833-930-1130 Monday through Friday from 8:00 am to 8:00 pm Eastern time, excluding holidays. You may also write to Zeroed-In at 8595 College Parkway, Suite 350, Fort Myers, FL 33919

We sincerely apologize for any inconvenience this may cause.

Sincerely,

*Zeroed-In Technologies*

Para obtener una versión en carta en español, visite: [redacted]

## ADDITIONAL STEPS YOU CAN TAKE

**Enroll in Monitoring Services**

To enroll in Credit Monitoring services at no charge, please log on to **https://secure.identityforce.com/benefit/zeroedintech** and follow the instructions provided. When prompted please provide the following unique code to receive services: [redacted]

In order for you to receive the monitoring services described above, you must enroll within 90 days from the date of this letter. The enrollment requires an internet connection and e-mail account and may not be available to minors under the age of 18 years of age. Please note that when signing up for monitoring services, you may be asked to verify personal information for your own protection to confirm your identity.

000010202800000 P

**Monitor Your Accounts**

Under U.S. law, a consumer is entitled to one free credit report annually from each of the three major credit reporting bureaus, Equifax, Experian, and TransUnion. To order a free credit report, visit www.annualcreditreport.com or call, toll- free, 1-877-322-8228. Consumers may also directly contact the three major credit reporting bureaus listed below to request a free copy of their credit report.

Consumers have the right to place an initial or extended "fraud alert" on a credit file at no cost. An initial fraud alert is a 1- year alert that is placed on a consumer's credit file. Upon seeing a fraud alert display on a consumer's credit file, a business is required to take steps to verify the consumer's identity before extending new credit. If consumers are the victim of identity theft, they are entitled to an extended fraud alert, which is a fraud alert lasting seven years. Should consumers wish to place a fraud alert, please contact any of the three major credit reporting bureaus listed below.

As an alternative to a fraud alert, consumers have the right to place a "credit freeze" on a credit report, which will prohibit a credit bureau from releasing information in the credit report without the consumer's express authorization. The credit freeze is designed to prevent credit, loans, and services from being approved in a consumer's name without consent. However, consumers should be aware that using a credit freeze to take control over who gets access to the personal and financial information in their credit report may delay, interfere with, or prohibit the timely approval of any subsequent request or application they make regarding a new loan, credit, mortgage, or any other account involving the extension of credit. Pursuant to federal law, consumers cannot be charged to place or lift a credit freeze on their credit report. To request a credit freeze, individuals may need to provide some or all of the following information:

1. Full name (including middle initial as well as Jr., Sr., II, III, etc.);
2. Social Security number;
3. Date of birth;
4. Addresses for the prior two to five years;
5. Proof of current address, such as a current utility bill or telephone bill;
6. A legible photocopy of a government-issued identification card (state driver's license or ID card, etc.); and
7. A copy of either the police report, investigative report, or complaint to a law enforcement agency concerning identity theft if they are a victim of identity theft.

Should consumers wish to place a credit freeze or fraud alert, please contact the three major credit reporting bureaus listed below:

| Equifax | Experian | TransUnion |
|---|---|---|
| https://www.equifax.com/personal/credit-report-services/ | https://www.experian.com/help/ | https://www.transunion.com/credit-help |
| 1-888-298-0045 | 1-888-397-3742 | 1-800-916-8800 |
| Equifax Fraud Alert, P.O. Box 105069 Atlanta, GA 30348-5069 | Experian Fraud Alert, P.O. Box 9554, Allen, TX 75013 | TransUnion Fraud Alert, P.O. Box 2000, Chester, PA 19016 |
| Equifax Credit Freeze, P.O. Box 105788 Atlanta, GA 30348-5788 | Experian Credit Freeze, P.O. Box 9554, Allen, TX 75013 | TransUnion Credit Freeze, P.O. Box 160, Woodlyn, PA 19094 |

**Additional Information**

Consumers may further educate themselves regarding identity theft, fraud alerts, credit freezes, and the steps they can take to protect your personal information by contacting the consumer reporting bureaus, the Federal Trade Commission, or their state Attorney General.

The Federal Trade Commission may be reached at: 600 Pennsylvania Avenue NW, Washington, D.C. 20580; www.identitytheft.gov; 1-877-ID-THEFT (1-877-438-4338); and TTY: 1-866-653-4261. The Federal Trade Commission also encourages those who discover that their information has been misused to file a complaint with them. Consumers can obtain further information on how to file such a complaint by way of the contact information listed above. Consumers have the right to file a police report if they ever experience identity theft or fraud. Please note that in order to file a report with law enforcement for identity theft, consumers will likely need to provide some proof that they have been a victim. Instances of known or suspected identity theft should also be reported to law enforcement and the relevant state Attorney General. This notice has not been delayed by law enforcement.

*For District of Columbia residents,* the District of Columbia Attorney General may be contacted at: 400 6th Street, NW, Washington, D.C. 20001; 202-727-3400; and oag.dc.gov.

*For Maryland residents,* the Maryland Attorney General may be contacted at: 200 St. Paul Place, 16th Floor, Baltimore, MD 21202; 1-410-576-6300 or 1-888-743-0023; and www.marylandattorneygeneral.gov.

*For New Mexico residents,* consumers have rights pursuant to the Fair Credit Reporting Act, such as the right to be told if information in their credit file has been used against them, the right to know what is in their credit file, the right to ask for their credit score, and the right to dispute incomplete or inaccurate information. Further, pursuant to the Fair Credit Reporting Act, the consumer reporting bureaus must correct or delete inaccurate, incomplete, or unverifiable information; consumer reporting agencies may not report outdated negative information; access to consumers' files is limited; consumers must give consent for credit reports to be provided to employers; consumers may limit "prescreened" offers of credit and insurance based on information in their credit report; and consumers may seek damages from violators. Consumers may have additional rights under the Fair Credit Reporting Act not summarized here. Identity theft victims and active-duty military personnel have specific additional rights pursuant to the Fair Credit Reporting Act. We encourage consumers to review their rights pursuant to the Fair Credit Reporting Act by visiting www.consumerfinance.gov/f/201504_cfpb_summary_your-rights- under-fcra.pdf, or by writing Consumer Response Center, Room 130-A, Federal Trade Commission, 600 Pennsylvania Ave. N.W., Washington, D.C. 20580.

*For New York residents,* you may contact and obtain information from these state agencies: New York Department of State Division of Consumer Protection, One Commerce Plaza, 99 Washington Ave., Albany, NY 12231-0001, 518-474-8583 / 1-800-697-1220, http://www.dos.ny.gov/consumerprotection; and New York State Office of the Attorney General, The Capitol, Albany, NY 12224-0341, 1-800-771-7755, https://ag.ny.gov.

*For North Carolina residents,* the North Carolina Attorney General may be contacted at: 9001 Mail Service Center, Raleigh, NC 27699-9001; 1-877-566-7226 or 1-919-716-6000; and www.ncdoj.gov.

*For Rhode Island residents,* the Rhode Island Attorney General may be reached at: 150 South Main Street, Providence, RI 02903; www.riag.ri.gov; and 1-401-274-4400. Under Rhode Island law, individuals have the right to obtain any police report filed in regard to this event. There are approximately 7485 Rhode Island residents that may be impacted by this event.